IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:06CV00496

| | |
|---|---|
| PERFECT 10 SATELLITE DISTRIBUTING CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ENVIRONHEALTH INTERNATIONAL, LLC, KERI KEENAN, DAVID ALLEN HAGEN, DEREK HAGEN, ANDREA HAGEN, ELIZABETH STONE, FIRST CAMBRIDGE CORP., GTX GLOBAL CORP., CURTIS GARTH TRUSTEE OF THE HAGEN FAMILY TRUST, OPUSWARE, LLC, and SMS PRAYER CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |



## ORDER OF PRELIMINARY INJUNCTION

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and was stipulated and agreed to by the parties in open court before the Magistrate Judge.

The court has reviewed and hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that:

1. Derek Hagen is hereby restrained from selling, transferring or otherwise disposing or encumbering the 2006 Hummer H3 vehicle, VIN #5GTDN136168178186 referred to in the Complaint attached to the Notice of Removal as Exhibit A. However, the Defendants

may have access to and use of the 2006 Hummer vehicle for its ordinary purposes but are restrained from removing the 2006 Hummer from the Continental United States.

2. Andrea Hagen is hereby restrained from selling, transferring or otherwise disposing or encumbering the 2005 Mercedes SLK 350, VIN #WDBWK56F55F065202 referred to in the Complaint attached to the Notice of Removal as Exhibit A. However, the Defendants may have access to and use of the 2005 Mercedes vehicle for its ordinary purposes but are restrained from removing the 2006 Hummer from the Continental United States.

3. Environhealth International, LLC is hereby restrained from selling, transferring or otherwise disposing or encumbering the 2006 Bentley SN vehicle, VIN #SCBBR53W06C033800 and the 2006 Porsche Cayman vehicle, VIN #WP0AB29806U781056 referred to in the Complaint attached to the Notice of Removal as Exhibit A. However, the Defendants may have access to and use of the 2006 Bentley and 2006 Porsche vehicles for their ordinary purposes but are restrained from removing the 2006 Bentley and 2006 Porsche vehicles outside of the jurisdiction of North Carolina, South Carolina or Virginia.

4. First Cambridge Corp. is hereby restrained from removing, transferring, selling, disposing or otherwise encumbering the 1969 Pontiac GTO vehicle, VIN #242679B162043 referred to in the Complaint attached to the Notice of Removal as Exhibit A. However, the Defendants may have access to and use of the 1969 Pontiac GTO vehicle for its ordinary purposes but are restrained from removing the 1969 Pontiac GTO vehicle outside of the jurisdiction of North Carolina, South Carolina or Virginia.

5. First Cambridge Corp. is hereby restrained from removing, transferring, selling or otherwise encumbering or disposing of any assets in its possession subject to the specific allowances set forth in paragraphs 1-4 above.

6. SMS Prayer Corporation is hereby restrained from removing, transferring, selling, disposing or otherwise encumbering any of the contents of the premises located at 161 Dawkins Street, Aberdeen, North Carolina, 28315, for 48 hours from the time this Order is entered during which period the plaintiff will be afforded an opportunity to inspect the contents of the premises for the purpose of identifying with particularity any items which the plaintiff may subsequently request be restrained in some manner. This preliminary injunction as to SMS Prayer Corporation and the contents of the premises being occupied by SMS Prayer Corporation at 161 Dawkins Street, Aberdeen, North Carolina, will automatically expire at 5:00 p.m. on Wednesday, June 21, 2006, unless otherwise agreed to by the plaintiff and SMS Prayer corporation or ordered by the Court.

7. David A. Hagen is hereby restrained from removing, transferring, selling, disposing or otherwise encumbering individual asset with a fair market value in excess of $500.00 located within the residential property located at 360 E. Illinois Avenue, Southern Pines, North Carolina.

8. This Preliminary Injunction specifically does not restrain or enjoin in any manner defendant Elizabeth Stone from the ordinary use of, nor the right to remove, transfer, sell, dispose of or encumber any of her assets, including the 2005 Toyota Corolla vehicle, VIN #1NXBR32E95Z447575 as referenced in the Complaint attached to the Notice of Removal as Exhibit A. To the extent that any of the foregoing restraints are inconsistent with this paragraph based on the allegations set forth in the Complaint, this paragraph controls as to the assets and vehicles owned by Elizabeth Stone.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order previously entered by this Court on June 9, 2006, is hereby **DISSOLVED** and any remaining requests for restraint

or preliminary injunction by the plaintiff not otherwise addressed by this Order are hereby **DENIED. IT IS FURTHER ORDERED** that based upon the stipulation of all counsel, the previously posted bond in the amount of $1,000.00 as security is sufficient for this Preliminary Injunction.

_____
United States District Judge

Date: June 19, 2006

-4-

Case 1:06-cv-00496-WLO-PTS  Document 38  Filed 06/19/06  Page 4 of 4